## C. C. CHAMPETT v. STATE.

No. A-199.   Opinion Filed May 26, 1910.

(109 Pac. 124.)

**INDICTMENT AND INFORMATION — Separate Offenses — Joinder.**
Selling intoxicating liquor and conveying intoxicating liquor from one place in the state to another place in the state are separate and distinct offenses, and cannot be joined in the same information or indictment.

(Syllabus by the Court.)

*Appeal from Stephens County Court; W. H. Admire, Judge.*

C. C. Champett was convicted of violation of the prohibition law, and appeals. Reversed.

*Gilbert & Bond,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Stephens county for a violation of the prohibition law. The judgment and sentence was entered on October 15, 1908. He was sentenced to serve a term of 30 days in the county jail and to pay a fine of $50 and costs, from which judgment he appealed, by filing in this court on June 1, 1909, his petition in error with case-made attached, together with proper proof of service of notice of appeal.

On March 26, 1910, counsel to the Governor, on behalf of the state, filed a confession of error, which, omitting the formal parts, is as follows:

"State's Confession of Error. Comes now the state of Oklahoma, by Fred S. Caldwell, counsel to the Governor, and represents to this honorable court as follows. As appears from the record herein, the charging part of the information upon which plaintiff in error was tried and convicted is in words and figures as follows: 'That said Charles Champett, S. Price, and T. E. Dikes did then and there haul and convey in a certain wagon in Marlow, Oklahoma, about 12 pints of whisky, and the said defendants did then and there give away, barter, and otherwise furnish the same to each other, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.' Before trial, as is made to appear at page 14 of the record, plaintiff in error moved the court to require the state to elect upon which offense charged in said information it would prosecute, and this motion the trial court overruled to which said ruling of the court plaintiff in error at the time duly excepted. In his eighth assignment of error, set forth in his petition in error herein, plaintiff in error assigns said ruling of the trial court upon his said motion to require the state to elect upon which offense charged in the information it would prosecute as ground for reversal. Upon the authority of *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57, and *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538, the state of Oklahoma believes that plaintiff in error's said eighth assignment of error is well taken, and therefore the same is hereby confessed, and the state of Oklahoma prays that the judgment of the trial court be reversed, and the cause remanded for a new trial."

The confession of error is allowed and confirmed. In *Sturgis*

*v State, supra,* Presiding Judge Furman, after reviewing the authorities, used this language:

"As we approve the reasoning of the cases above quoted, we will not pursue this question further than to state that selling intoxicating liquor and shipping or conveying such liquor from one place in the state to another place in the state cannot be joined in the same information or indictment. They constitute distinct offenses, based upon separate transactions or acts. The trial court, therefore, erred in not sustaining the objection to the indictment upon the ground of duplicity."

For the error confessed, the cause is reversed, and remanded to the county court of Stephens county.